## Nina L. Gillett v. Amaryllis T. Gillett.

1. ADMINISTRATION OF ESTATES—*Chapter 3, Section 77, R. S., Construed.*—Under chapter 3, section 77, R. S., providing that there shall be allowed to the children of the deceased residing with him at the time of his death, including all males under eighteen years of age, and all females, the same amount of property as is allowed to the widow by this act, all female children are to participate in such award regardless of their ages.

2. SAME—*Fact that an Unmarried Daughter Contributes a Small Amount to Household Expenses Need Not Constitute Her a Boarder.* — The fact that an unmarried daughter living with her mother contributes a sum toward paying the expenses of her mother's family, which, owing to the wealth and position in society of the family, is not the equivalent of board, but is made at the instance of a son of the mother, may not constitute her a boarder, so as to deprive her of her award under chapter 3, section 77, R. S.

Appeal from Probate.—Appeal from the Circuit Court of Logan County; the Hon. JOHN H. MOFFETT, Judge presiding. Heard in this court at the November term, 1902. Affirmed. Opinion filed July 27, 1903.

BEACH, HODNETT & TRAPP and BLINN & HARRIS, attorneys for appellant.

HOBLIT & SMITH, attorneys for appellee.

MR. JUSTICE BURROUGHS delivered the opinion of the court.

On September 21, 1901, Mrs. Lemira P. Gillett died at her home in Elkhart, Illinois, and her estate was administered upon in the County Court of Logan County. At the time of her death Mrs. Gillett was a housekeeper, the head of a family, consisting of her unmarried daughter, Miss Amaryllis T. Gillett, and several servants. The appraiser appointed by the County Court awarded $2,525 to the daughter, Miss Amaryllis T. Gillett, out of the estate of her deceased mother, as, and for, her award, the mother having left no surviving husband. The County Court, over the objection of Miss Nina L. Gillett, another daughter, an heir at law of the deceased, approved the allowance to the extent of $2,475, and from such allowance Miss Nina L. Gillett prosecutes a further appeal to this court, and seeks to reverse such allowance of the Circuit Court upon the alleged grounds that the court erred in finding that Miss Amaryllis T. Gillett was a member of the family of her mother at the time of the death of the latter, and in directing that the former be allowed $2,475 as an award from the mother's estate.

The evidence shows that the mother, before and at the time of her death, was a housekeeper, the head of a family, composed of her daughter, Miss Amaryllis T. Gillett, and several servants, and left no husband surviving her, and that said daughter contributed $250 semi-annually toward paying the expenses of her mother's family, but owing to the wealth and position in society of the family, such contribution was not the equivalent of board, but was made at the instance of a son of the mother who had lived with her up to time of his death, which took place a few days prior to that of the mother.

It is urgently insisted that the contribution made by the daughter toward the expenses of the family constituted her a boarder, and therefore she is not entitled to the award; but we are of opinion that both the County and Circuit Courts properly held that she was such a member of her mother's family as entitled her to the award provided by statute.

It is further insisted that by reason of the fact that Miss Amaryllis T. Gillett was forty-four years old when her mother died, she ought not to be allowed the award, as the statute says, "There shall be allowed to the children of the deceased residing with him at the time of his death (including all males under eighteen years of age, and all females) the same amount of property as is allowed to the widow by this act," which it is contended should be interpreted to mean "all females under eighteen years of age."

But in that construction of the statute we can not concur, for the usual and ordinary meaning of the language therein used is, that all female children are to participate in such award regardless of their ages, and that, as we understand, is the interpretation which the statute has uniformly been given by the trial courts of this state.

Finding the allowance made by the Circuit Court in this case was proper under the facts, it will be affirmed.

The motion to tax the costs of the additional abstract filed by the objector will be denied, as we find that the abstract filed by the estate was sufficiently full and fair.

The foregoing opinion was written by Mr. Justice Benjamin R. Burroughs during his term as justice of this court, and is now adopted as the opinion of this court.

<div align="right">

George W. Brown,

Presiding Justice.